## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>   Monica D. Hamilton | : Bankruptcy No. 11-22689 REF<br>: Chapter 13 |
| | : |
| MTGLQ Investors, LP c/o Rushmore Loan<br>Management Services, Inc. | : |
|                Movant | : |
| vs. | : |
| Monica D. Hamilton | : |
|            Debtors/Respondents | : |
| and | : |
| Frederick L. Reigle, Esquire | : |
|            Trustee/Respondent | : |

### CONSENT ORDER / STIPULATION AGREEMENT SETTLING
### MOTION FOR RELIEF FROM AUTOMATIC STAY

    AND NOW, upon the Motion of MTGLQ Investors, LP c/o Rushmore Loan Management Services, Inc. ("Creditor"/"Movant"), through its counsel, Hladik, Onorato & Federman, LLP, for relief from the automatic stay pursuant to Bankruptcy Code § 362(d) as to certain property, 7081 Tuscany Drive, Macungie, PA 18062 (the "Property"), it is hereby agreed as follows:

    Monica D. Hamilton ("Debtor") acknowledges that the following monthly post-petition mortgage payments are due as follows:

        Payments (02/01/16-08/01/16 @ *$2,166.76 each*)..............$15,167.32
        Counsel Fees/Costs for Motion ..........................................$   850.00
        Filing Fee............................................................................$   176.00
        Suspense.........................................................................($  1,298.02)
        Arrears ("Arrears").............................................................$ 14,895.30

1. Debtor shall cure the Arrears as set forth above by paying one-sixth (1/6) of the Arrears per month ($2,482.55/month) for the next six (6) months, together with the regular monthly mortgage payment (currently $2,166.76/month), for a total combined monthly payment of $4,649.31 for the next six (6) months beginning on *September 1, 2016*. In the event the regular monthly payment changes for any reason, then the amount due pursuant to Paragraph 2 shall be adjusted accordingly. Thereafter, Debtor agrees to continue making the regular monthly mortgage payments.

2. Debtor shall make the regular monthly payments required to the Trustee.

3. Debtor shall send all payments due directly to Creditor at the address below:

**Rushmore Loan Management Services
P.O. Box 52708
Irvine, CA 92619-2708**

**Rushmore's loan #xxxxx5102 must appear on each payment**

4. In the event Debtor fails to make any of the payments set forth hereinabove (or real estate taxes and/or hazard insurance when due) on or before their due dates, Creditor and/or Counsel may give Debtor and Debtor's counsel notice of the default. If Debtor does not cure the default within ten (10) days of the notice, upon Certification of Default to the Court, and request for Order, with a copy to Debtor and Debtor's counsel, Creditor shall immediately have relief from the bankruptcy stay.

5. The failure by the Creditor, at any time, to file a Certification of Default upon default by the Debtor shall not be construed, nor shall such failure act, as a waiver of any of Creditor's rights hereunder.

6. Upon issuance of the aforesaid Order, the parties hereto further agree that Creditor may proceed in state court to exercise all rights and remedies available to it as a mortgagee and creditor under state and federal law including, but not limited to, the initiation of and continuation of foreclosure and execution process through sheriff's sale concerning the Property and ejectment thereafter.

7. In the event Debtor converts to a bankruptcy under Chapter 7 of the Bankruptcy Code then Debtor shall pay all pre-petition arrears and post-petition arrears within 10 days from the date the case is converted. If Debtor fails to make payments in accordance with this paragraph then the Creditor, through Counsel, may file a certification setting forth said failure and the Creditor shall be granted immediate relief from the automatic stay.

8. ~~It is further agreed that the 14-day stay provided by Rule 4001(a)(3) is hereby waived.~~

By signing this Stipulation, Debtor's Counsel represents that the Debtor is familiar with and understand the terms of this Stipulation and agrees to said terms regardless of whether the Debtor has actually signed this Stipulation. Seen and agreed by the parties on the date set forth below:

_____
Danielle Boyle-Ebersole, Esquire
Counsel for Creditor
Date: 9/1/16

_____
Robert Glazer, Esquire
Counsel for Debtor
Date: 9/1/16

_____
Frederick L. Reigle, Esquire
Trustee
Date: 9/1/16

AND NOW, it is hereby ORDERED that the Stipulation between the parties s hereby APPROVED.

9/20/16

_____
Honorable Richard E. Fehling
U.S. Bankruptcy Judge